DANIEL G. BOGDEN
United States Attorney
District of Nevada
ANDREW W. DUNCAN
Assistant United States Attorneys
333 Las Vegas Boulevard South
Suite 5000
Las Vegas, Nevada  89101
702-388-6336
Fax: 702-388-5087

# UNITED STATES DISTRICT COURT
## DISTRICT OF NEVADA
-oOo-

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No.: 2:13-cr-346-APG-GWF |
| Plaintiff, | **UNITED STATES' RESPONSE TO MOTION FOR RETURN OF PROPERTY (Doc. 46)** |
| vs. | |
| KELLY CARN, | |
| Defendant. | |

The United States, by and through its counsel, Daniel G. Bogden, United States Attorney for the District of Nevada, and Andrew W. Duncan, Assistant United States Attorney, submits this Response to George Demetrius Karalis' Motion for Return of Property (Doc. 46).

**STATEMENT OF FACTS**

On June 3, 2014, the defendant, Kelly Carn was indicted and charged with fifteen firearms related crimes. The charges included Unlawful Receipt and Possession in violation of 26 U.S.C. Sections 5812, 5861(b), 5871, Making a False Entry in violation of 26 U.S.C. Sections 5848(b), 5861(l), 5871, and Unlawful Possession of a Machine Gun in violation of

1  26 U.S.C. Sections 5841, 5861(d), and 5871. The charges resulted in part from evidence
2  seized during a search of the defendant's business, The Gun Vault, Inc., and his residence.
3  Numerous firearms and paperwork were seized during the execution of the warrants. Several
4  of these firearms were allegedly contracted for sale and paid for by George Demetrius
5  Karalis.  Karalis alleges that he paid Carn $99,180 for eight firearms. Karalis is litigating a
6  civil case, *Karalis v. Carn*, 2:12-cv-694-APG-GWF, in the District of Nevada, which
7  involves the same firearms as the present Motion. The government believes it possesses three
8  of the firearms allegedly paid for, but not received by Karalis:

9      1) an SWD Model M11/9, 9mm machine gun S/N 86-0014860;

10      2) a Military Armament Crop, Model MAC 10, .45 caliber machine gun, S/N 1-
11  3003109; and

12      3) a SWD Model M11A1, .380 caliber machine gun, S/N 85-3800801.

13  Additionally, there is at least one firearm listed on a bill of sale that matches a firearm
14  in the government's possession. Additionally, the three firearms listed above are evidence in
15  two state court cases against Carn.

16  None of the firearms seized by the government were ever physically transferred to
17  Karalis. Additionally, the firearms were never approved by ATF for Karalis' possession, as is
18  required under the National Firearms Act. The firearms remain registered to the Gun Vault,
19  Carn's corporation, or to an unrelated third party. Thus, Karalis is not the registered owner of
20  any of the firearms.

21  In his motion, Karalis seeks return of the firearms, or in the alternative, requests that
22  the firearms remain in government custody until the criminal case and civil case are
23  concluded.  The government objects to the return of the firearms at this stage of the
24

1  proceedings, but does not oppose keeping the firearms in government custody until the
2  conclusion of the civil and criminal cases.

**POINTS AND AUTHORITIES**

Rule 41(g) of the Federal Rules of Criminal Procedure provides in pertinent part that "[a] person aggrieved by an unlawful search and seizure or by the deprivation of property may move the district court for the district in which the property was seized for the return of the property on the ground that such person is entitled to lawful possession of the property. The court shall receive evidence on any issue of fact necessary to the decision of the motion." Fed.R.Crim.P. 41(g).  When it is apparent that the person seeking a return of the property is not lawfully entitled to own or possess the property, the district court need not hold an evidentiary hearing. *United States v. Felici*, 208 F.3d 667 (8th Cir. 2000) (citation omitted).

Factors considered by a district court in determining whether it may exercise equitable jurisdiction to hear a motion for return of seized property are: (1) whether the government displayed a callous disregard for the constitutional rights of the movant; (2) whether the movant has an individual interest in and need for the property he wants returned; (3) whether the movant would be irreparably injured by denying return of the property; and (4) whether the movant has an adequate remedy at law for the redress of his grievance. *United States v. Comprehensive Drug Testing, Inc.,* 621 F.3d 1162, 1174 (9th Cir. 2010).

In the present case, Karalis is not permitted by law to possess the requested firearms under the National Firearms Act.  *See* 26 U.S.C. Section 5801 et. seq.  The firearms are not registered to him and an ATF Form Four was not processed to approve Karalis' possession.  Thus, ownership of the firearms never passed to Karalis.  While the government sympathizes

1  with Karalis' and his monetary loss, the proper venue to argue this monetary loss is in civil
2  court.  If Carn victimized Karalis through a scheme to take his money and not deliver the
3  firearms, the remedy is for Carn to repay Karalis the money he took for the firearms he never
4  delivered.  Karalis has actively litigated a civil lawsuit and it is the government's contention,
5  in concurrence with Defendant Carn, that this court should defer to the civil case.

6      The government also submits that the three firearms possessed by the government
7  have evidentiary value and thus should not be returned. *See United States v. Mills*, 991 F.2d
8  609, 612 (9th Cir.1993) (holding that when the government's need for the property as
9  evidence continues, a motion for return of property is properly denied). Carn has been
10 charged in state court with crimes directly related to the firearms.  The government has
11 confirmed with the Clark County District Attorney's Office that these firearms are potential
12 evidence in its criminal cases, captioned at C-12-284671-1, and C-11-278528-1.

13     As an alternative remedy, Karalis argues that the government should maintain
14 possession of the firearms until the completion of the criminal and civil cases.  The
15 government submits that this remedy protects the government's evidence, protects Karalis'
16 interest in the firearms, and ensures that Karalis will not be irreparably harmed by return of
17 the property.  Accordingly, the government joins Karalis in requesting this alternative
18 remedy.

19 //
20 //
21 //

22
23
24

4

**CONCLUSION**

The government opposes Karalis' Motion for Return of Property to the extent it would require the return of firearms in its possession. However, the government does not oppose maintaining this property in its possession through the conclusion of the civil and criminal cases discussed above.

Dated: January 26, 2015.

Respectfully submitted,

DANIEL G. BOGDEN
United States Attorney


/s/ Andrew W. Duncan
ANDREW W. DUNCAN
Assistant United States Attorney