**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| Plaintiff, ) | Case No.: 2:13-cr-00346-APG-GWF |
| vs. ) | **ORDER** |
| KELLY CARN, ) | |
| Defendant. ) | |

This matter is before the Court on Defendant's Motion for Issuance of Subpoenas (#70), filed on December 7, 2015. The Government filed its Opposition (#73) on December 23, 2015 and Defendant filed his Reply (#74) on December 29, 2015.

## BACKGROUND

The indictment in this case charges Defendant Kelly Carn with the following: Unlawful Receipt or Possession in violation of 26 U.S.C. §§ 5812, 5861(B), and 5871; Making a False Entry in violation of 26 U.S.C. §§ 5848(b), 5861(1), and 587; and Unlawful Possession of a Machine Gun in violation of 26 U.S.C. §§ 5841, 5861(d), and 5871. *See Indictment* (#1).

On April 14, 2012, Defendant's security box at 24/7 Private Vaults was burglarized. Defendant asserts that the contents of the security box included "numerous corporate documents and several hard drives containing digital images of important business papers, such as proof of ownership of firearms . . . " *Motion* (#70) at 2:13-15. Defendant believes that the return of such documents will provide proof of ownership which could exonerate him as to the charges brought by the indictment. *Id.* To date, the Government represents that it has provided Defendant with "substantial discovery related to the burglary at the 24/7 Vaults" and "all of the information the

government would present at trial . . ." *Opposition* (#73) 3:12-16.  However, Defendant believes that the disclosed materials are incomplete and wishes to verify this by subpoenaing records and items in the possession of the Las Vegas Metropolitan Police Department, the Bureau of Alcohol, Tobacco, Firearms and Explosives, and the Clark County District Attorney's Office.  *See Motion* (#70).

**DISCUSSION**

Federal Rule of Criminal Procedure 17(c) provides that a subpoena may "command the person to whom it is directed to produce the books, papers, documents or other objects designated therein."  However, a subpoena *duces tecum* under Rule 17 "was not intended to provide a means of discovery for criminal cases," but instead offers a way "to expedite the trial by providing a time and place before trial for the inspection of subpoenaed materials."  *United States v. Nixon*, 418 U.S. 683, 699, 94 S.Ct. 3090, 3103 (1974) (citing *Bowman Dairy Co. v. United States*, 341 U.S. 214, 220, 71 S.Ct. 675, 678-79 (1951)).  In order to grant a pretrial subpoena in a criminal case, the Court must be persuaded by the moving party: (1) that the documents are evidentiary and relevant; (2) that they are not otherwise procurable reasonably in advance of trial by exercise of due diligence; (3) that the party cannot properly prepare for trial without such production and inspection in advance of trial and that the failure to obtain such inspection may tend unreasonably to delay the trial; and (4) that the application is made in good faith and is not intended as a general "fishing expedition."  *United States v. Krane*, 625 F.3d 568, 574 (9th Cir. 2010) (citing *Nixon*, 418 U.S. 683, 699-700); *see also United States v. Lambeth*, 2010 WL 4117681 (D. Nev. Oct. 8, 2010).

The Supreme Court in *Nixon* held that the party seeking pretrial production bears the burden of establishing relevancy, admissibility, and specificity.  418 U.S. at 700.  The burden is on the party seeking the subpoena "to show the evidentiary nature of the requested materials with appropriate specificity."  *United States v. Skeddle*, 178 F.R.D. 167, 168 (N.D.Ohio 1996). Conclusory allegations of relevance and admissibility are insufficient to meet the moving party's burden.  *United States v. Eden*, 659 F.2d 1376, 1381 (9th Cir.1981), *cert. denied*, 455 U.S. 949 (1982); *United States v. Jackson*, 155 F.R.D. 664, 667 (D.Kan.1994).  It is not enough that the documents requested in a Rule 17(c) subpoena *duces tecum* may have some potential of relevance

and evidentiary use. *United States v. Burger*, 773 F.Supp. 1419, 1425 (D.Kan. 1991). Rather, there must be a sufficient likelihood that the requested material is relevant to the offenses charged in the indictment and the moving party must make a sufficient preliminary showing that the requested material contains admissible evidence regarding the offenses charged. *Nixon*, 418 U.S. at 700. The specificity requirement "ensures that subpoenas are used only to secure for trial certain documents or sharply defined groups of documents." *Jackson*, 155 F.R.D. at 667 (citing *United States v. Crosland*, 821 F.Supp. 1123, 1129 (E.D.Va. 1993)). The specificity requirement also prevents a subpoena *duces tecum* issued pursuant to Rule 17(c) from being used as a "fishing expedition to see what may turn up." *Bowman Dairy Co.*, 341 U.S. at 221. Or, as the court noted in *United States v. Noriega*, 764 F.Supp. 1480, 1493 (S.D.Fla. 1991), "[i]f the moving party cannot reasonably specify the information contained or believed to be contained in the documents sought but merely hopes that something useful will turn up, this is a sure sign that the subpoena is being misused."

Therefore, where a party fails to sufficiently demonstrate the *Nixon* factors to the Court, advance production of the records sought will be denied. *See United States v. Fields*, 663 F.2d 880, 881 (9th Cir. 1981); *United States v. Eden*, 659 F.2d 1376, 1381 (9th Cir. 1981) (quashing a subpoena for production of materials where no showing of need was made except for conclusory statements). Upon review of Defendant's motion, the Court finds that Defendant has made the requisite showing of admissibility, relevancy, and specificity. The documents Defendant seeks are relevant to the charges against him and his request is restricted to records and items that stem from the burglary at the 24/7 Private Vault on April 12, 2012. The records and items requested may contain evidence rebutting the allegations that Defendant was illegally in possession of certain firearms, thereby necessitating the dismissal of those charges. Further, this information — if it in fact exists — is solely in the government's possession, custody, and control and not otherwise obtainable by Defendant.

Therefore, the Court finds that Defendant may issue subpoenas on the Las Vegas Metropolitan Police Department, the Bureau of Alcohol, Tobacco, Firearms and Explosives, and the Clark County District Attorney's Office. However, the subpoenas must be limited to requesting

information directly relating to the burglary at the 24/7 Private Vault on April 12, 2012. Anything further would constitute a fishing expedition by Defendant.

Defendant's proposed subpoenas are substantially overbroad. Defendant not only requests records relating to the burglary at the 24/7 Private Vault, but also seeks information generally relating to the investigation which led to his current charges. This is an inappropriate use of the Rule 17 subpoena. The Court finds that the proper scope of Defendant's subpoenas shall be limited to the information in each agencies' possession, which relates to Defendant's property that was confiscated at the 24/7 Private Vault. Defendant's additional requests are not proper and the Court will not allow them. Accordingly,

**IT IS HEREBY ORDERED** that Defendant's Motion for Issuance of Subpoenas (#70) is **granted** in part as follows: Upon review of the proposed subpoenas, the Court finds that they are overbroad. Defendant shall submit revised subpoenas that comply with the terms of this Order for the Court's approval.

DATED this 11th day of January, 2016.

GEORGE FOLEY, JR.
United States Magistrate Judge