# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

UNITED STATES OF AMERICA,

    Plaintiff,

vs.

KELLY CARN,

    Defendant.

Case No.: 2:13-cr-00346-APG-GWF

**ORDER
AND
REPORT AND
RECOMMENDATION**

This matter is before the Court on Interested Party George D. Karalis' ("Karalis") Lien Against Award to Defendant (ECF No. 114), filed on February 17, 2017. The United States filed its Response (ECF No. 115) on February 27, 2017. Karalis filed his Reply (ECF No. 116) on February 28, 2017. The Court conducted a hearing in this matter on March 2, 2017. Also before the Court is Karalis' Motion for Writ of Attachment (ECF No. 120), filed on March 31, 2017. The United States filed its Response (ECF No. 121) on April 7, 2017. Defendant Carn filed his Response and Partial Joinder to the United States' Response (ECF No. 127) on April 14, 2017. Karalis filed his Reply to the United States' Response (ECF No. 125) on April 12, 2017. Karalis filed his Sur-Reply (ECF No. 130) on July 13, 2017. The United States filed its Response (ECF No. 131) on July 18, 2017 and Karalis filed another Reply (ECF No. 132) on July 27, 2017.

## **BACKGROUND**

Defendant was initially charged in a criminal indictment filed on September 4, 2013 with eight counts of unlawful receipt or possession in violation of 26 U.S.C. § 5812, 5861(b), and 5871; 6 counts of false entry in violation of 26 U.S.C. § 5848(b), 5861(1), and 5871; and one count of

unlawful possession of a machine gun in violation of 26 U.S.C. § 5841, 5861(d), and 5871.  *See* ECF No. 1.  On October 6, 2011, an agent of the Bureau of Alcohol, Tobacco, Firearms, and Explosives ("ATF") seized one firearm from Defendant's business.  *See Government's Response* (ECF No. 115), Exhibit A.  On December 20, 2011, 5 firearms and related materials were seized from Defendant's home and 79 firearms and related materials were seized from Defendant's business.  *Id.* at pg. 2.

On April 26, 2012, Karalis filed his civil complaint in related proceedings, *George Demetrius Karalis v. Gun Vault, Inc.*, Case No. 2:12-cv-00694-APG-GWF, for firearms Karalis purchased from Defendant that were seized in relation to the criminal proceedings.  His complaint alleges claims of breach of contract, deceptive trade practices, intentional misrepresentation, bailment, unjust enrichment, and accounting against Defendant and his business, Gun Vault, Inc.  Judgment has not been entered, Karalis has not filed a motion for pre-judgment attachment, and the Court has not entered any orders for pre-judgment attachment in the related civil proceedings.

On January 8, 2015, Karalis filed his Motion for Return of Seized Property (ECF No. 46) pursuant to Rule 41(g) of the Federal Rules of Criminal Procedure.  The Court conducted a hearing in this matter on February 11, 2015 and suggested that Defendant's counsel communicate with Karalis to attempt resolution of the matter.  *See* ECF No. 57.  On December 6, 2016, Defendant pled guilty to Counts 1, 2, and 8 of the indictment, all remaining counts were dismissed, and judgment was entered against Defendant.  *See* ECF No. 108.  On December 21, 2016, Defendant filed his renewed Motion for Return of Property (ECF No. 109) pursuant to Rule 41(g) requesting that the Government return 37 firearms that were seized.

In his notice of lien, Karalis asserts renewal of his Motion for Return of Seized Property and sought assertion of a lien on any recovery related to the seized firearms from Defendant.  *See Lien* (ECF No. 114), pg. 2.  Three of the seized firearms have been identified as firearms Karalis purchased and are in the possession of the ATF.  *See Government's Response* (ECF No. 115-2), pg. 2, ¶ 15.  The Government argues that the 3 firearms are contraband pursuant to the National Firearms Act of 1934, 26 U.S.C. § 5801, and, therefore cannot be returned to Karalis.  *Id.* at pg. 14.  The Government further argues that Karalis cannot assert a lien on Defendant's potential recovery

because Karalis has not presented sufficient information to perfect a lien and because there is not an order of pre-judgment attachment. *Id.* at pg. 15.

**DISCUSSION**

**1.  Motion for Writ of Attachment/Pre-Judgment Attachment**

Karalis seeks a writ of attachment pursuant to Rule 64(a) of the Federal Rules of Civil Procedure for the monetary amount of the firearms he purchased from Defendant. *See Motion* (ECF No. 120), pg. 2.  Karalis does not set forth the requirements for seeking pre-judgment attachment and has not filed a motion for pre-judgment attachment in the related civil proceedings. He, therefore, essentially renews and incorporates his motion for return of property under Rule 41(g).  The Government argues that Karalis is not entitled to an interest in the firearms pursuant to 28 U.S.C. § 2463.  *See Government's Response* (ECF No. 121), pg. 3-4.

Although Defendant disputes whether all of the firearms are considered contraband, he agrees with the Government that Karalis is not entitled to possession or attachment. *See Defendant's Response* (ECF No. 127), pg. 2.  In addition to the potential recovery in the currently pending corresponding federal civil proceedings, Defendant has agreed to pay Karalis restitution in compliance with the state court's order of judgment in the amount of $98,180.00. *Id.* at pg. 3. Defendant has fulfilled his annual payment requirement totaling approximately $25,000.00 to Karalis thus far. *Id.*

Rule 64(a) of the Federal Rules of Civil Procedure states as follows:

> At the commencement of and throughout an action, every remedy is available that, under the law of the state where the court is located, provides for seizing a person or property to secure satisfaction of the potential judgment. But a federal statute governs to the extent it applies.

Fed. R. Civ. P. 64(a).

"Rule 64 codifies 'long-settled federal law providing that in all cases in federal court, whether or not removed from state court, state law is incorporated to determine the availability of prejudgment remedies for the seizure of person or property to secure satisfaction of the judgment ultimately entered.'" *Hamilton Beach Brands, Inc. v. Metric and Inch Tools, Inc.*, 614 F.Supp.2d 1056, 1060 (C.D.Cal.2009) (citing *Granny Goose Foods, Inc. v. Brotherhood of Teamsters & Auto*

*Truck Drivers, Local No. 70 of Alameda Co.*, 415 U.S. 423, 436 n. 10, 94 S.Ct. 1113, 1123 n. 10, 39 L.Ed.2d 435 (1974); *United States v. Van Causwenberghe*, 934 F.2d 1048, 1063–64 n. 14 (9th Cir.1991). Under Nevada law, a plaintiff may apply for a writ of attachment on the defendant's property as security for the satisfaction of a judgment that may be recovered in a lawsuit. Nev. Rev. Stat. § 31.010(1).

28 U.S.C. § 2463 states as follows:

> All property taken or detained under any revenue law of the United States shall not be repleviable, but shall be deemed to be in the custody of the law and subject only to the orders and decrees of the courts of the United States having jurisdiction thereof.

The Government argues that the subject firearms were seized and regulated by the NFA, which is part of a comprehensive system to levy and collect taxes upon the making and transfer of certain firearms and, therefore, 28 U.S.C. § 2463 is a federal statute that governs. The Court agrees that 28 U.S.C. § 2463 is applicable and precludes attachment subject to an order of the Court. Karalis, however, failed to seek pre-judgment attachment in the corresponding civil proceedings and failed to cite to any Nevada state law provisions authorizing pre-judgment recovery or seizure of property. "Rule 64 does not constitute a self-operative basis for pretrial seizure of a defendant's assets without any showing that same is authorized under state law." *Schenker v. Rowley*, 2013 WL 321688, at *5 (D. Nev. Jan. 28, 2013). Further, beyond the three firearms, Karalis has not set forth his property interest in the remaining seized firearms or established the likelihood of success on the merits of his pending civil case to justify attachment. Therefore, the Court denies Karalis' request to the extent that he is seeking a writ of attachment in this matter.

### 2. **Renewed Motion for Return of Property**

Rule 41(g) of the Federal Rules of Criminal Procedure states as follows:

> A person aggrieved by an unlawful search and seizure of property or by the deprivation of property may move for the property's return. The motion must be filed in the district where the property was seized. The court must receive evidence on any factual issue necessary to decide the motion. If it grants the motion, the court must return the property to the movant, but may impose reasonable conditions to protect access to the property and its use in later proceedings.

If the criminal proceeding is no longer pending, a motion for return of property is treated as a civil complaint governed by the Federal Rules of Civil Procedure. *United States v. Ibrahim*, 522

F.3d 1003, 1007 (9th Cir. 2008) (citing *United States v. Ritchie*, 342 F.3d 903, 906–07 (9th Cir. 2003)). The court converts the opposition to the motion for return of property into a motion for summary judgment if it cannot be decided on the pleadings, and the court determines whether the Government has demonstrated that there is no "genuine issue of material fact" and that it is "entitled to judgment as a matter of law." *Ibrahim*, 522 F.3d at 1008. If the summary judgment standard is not met, the court should go forward with additional proceedings consistent with the Federal Rules of Civil Procedure. *Id.* Rule 41(g) requires the district court to "receive evidence on any factual issue necessary to decide the motion," but it does not specifically require an in-person hearing. *United States v. Cantu*, 667 F. App'x 611, 612 (9th Cir. 2016).

A movant who asserts a post-conviction claim for return of property must first demonstrate that he is entitled to the property by a preponderance of the evidence. *Frankson v. United States*, 2015 WL 1517526, at *2 (D. Ariz. Mar. 31, 2015) (citing *United States v. Howell*, 425 F.3d 971, 974 (11th Cir. 2005)); *United States v. Houston*, 2016 WL 6106403, at *1 (E.D. Tenn. Oct. 19, 2016) ("[The defendant] must show by a preponderance of the evidence that the Government has his property and that he is entitled to have it back."). When the property in question is no longer needed because the defendant has pleaded guilty, the person from whom the property is seized is presumed to have a right to its return, and the government has the burden of demonstrating that it has a legitimate reason to retain the property." *United States v. Harrell*, 530 F.3d 1051, 1057 (9th Cir. 2008). The simplest way for the government to carry its burden is to prove "the property ... is contraband or subject to forfeiture." *United States v. Gladding*, 775 F.3d 1149, 1152 (9th Cir. 2014).

In cases such as this, courts sit in equity. *Howell*, 425 F.3d at 974. The court will determine all equitable considerations in order to make a fair and just decision. *Id.* Further, sovereign immunity bars the imposition of monetary sanctions against the government. *Ordonez v. United States*, 680 F.3d 1135, 1140 (9th Cir. 2012). Because Rule 41(g) does not contain an express and unequivocal waiver of the government's sovereign immunity, money damages are not a permitted form of relief. *Id.*

The National Firearms Act ("NFA") is part of a comprehensive system to levy and collect

5

taxes upon the making and transfer of certain firearms. 26 U.S.C. § 5801. Under the NFA, it is unlawful to transfer or possess unregistered firearms. 26 U.S.C. § 5861(b), (d),(e). "Through this statutory scheme, Congress encourages compliance by rendering as contraband any firearm transferred without prior registration," and "no transferee can 'purify' the 'tainted' weapon by registering it after transfer." *United States v. Ridlehuber*, 11 F.3d 516, 527 (5th Cir. 1993).

The Government argues that the 3 firearms at issue are contraband and cannot be returned to Karalis or anyone else because they were transferred without proper registration in violation of the NFA. Defendant's first business ceased operations on March 2, 2000. *See Government's Response* (ECF No. 11), pg. 11. Defendant began a new corporation that applied to become a federal firearms licensee on February 9, 2000, which was approved on March 2, 2000. *Id*. at pg. 11-12. Defendant, however, failed to obtain approval for the transfer of firearms from his first business to his new corporation as required by the NFA. *Id.* Karalis seeks the return of 3 firearms that he purchased, but did not physically possess, that were transferred in violation of the NFA. *Id.* at pg. 14. The Government has shown that the 3 firearms that Karalis moves to be returned are contraband and that there is no genuine issue of material fact as to Karalis' motion for return of property. The Court should, therefore, deny his motion for return of property and the Government's opposition, which is converted to a motion for summary judgment, should be granted. Accordingly,

**IT IS HEREBY ORDERED** that Karalis' Motion for Writ of Attachment (ECF No. 120) is **denied** without prejudice to Karalis filing a motion for pre-judgment writ of attachment in the corresponding civil proceedings.

## **RECOMMENDATION**

**IT IS HEREBY RECOMMENDED** that Karalis' Renewed Motion for Return of Seized Property/Lien Against Award to Defendant (ECF No. 114) be **denied**.

## **NOTICE**

Pursuant to Local Rule IB 3-2, any objection to this Finding and Recommendation must be in writing and filed with the Clerk of the Court within fourteen (14) days. The Supreme Court has held that the courts of appeal may determine that an appeal has been waived due to the failure to

file objections within the specified time. *Thomas v. Arn*, 474 U.S. 140, 142 (1985). This circuit has also held that (1) failure to file objections within the specified time and (2) failure to properly address and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal factual issues from the order of the District Court. *Martinez v. Ylst,* 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983).

DATED this 15th day of August, 2017.

_____
GEORGE FOLEY, JR.
United States Magistrate Judge