**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

UNITED STATES OF AMERICA,

              Plaintiff,

    vs.

KELLY CARN,

              Defendant.

Case No.: 2:13-cr-00346-APG-GWF

**REPORT AND RECOMMENDATION**

This matter is before the Court on Defendant's Renewed Motion for Return of Seized Property (ECF No. 109), filed on December 21, 2016. The Government filed its Response (ECF No. 113) on February 16, 2017. The Court conducted a hearing in this matter on March 2, 2017. Defendant filed his Reply (ECF No. 128) on May 8, 2017. The United States filed its Reply in support of Response (ECF No. 129) on May 16, 2017.

**BACKGROUND**

Defendant was initially charged in a criminal indictment filed on September 4, 2013 with eight counts of unlawful receipt or possession in violation of 26 U.S.C. § 5812, 5861(b), and 5871; 6 counts of false entry in violation of 26 U.S.C. § 5848(b), 5861(1), and 5871; and one count of unlawful possession of a machine gun in violation of 26 U.S.C. § 5841, 5861(d), and 5871. *See* ECF No. 1. On October 6, 2011, an agent of the Bureau of Alcohol, Tobacco, Firearms, and Explosives ("ATF") seized one firearm from Defendant's business. *See Government's Response* (ECF No. 115), Exhibit A. On December 20, 2011, 5 firearms and related materials were seized from Defendant's home and 79 firearms and related materials were seized from Defendant's business. *See Government's Response* (ECF No. 113), pgs 1-2. An additional firearm was seized

when Defendant was arrested in 2013. *Id.* The Government is in custody of the firearms and other material, such as documents, that were seized from Defendant. *Id.*

On September 22, 2014, Defendant filed his motion for return of seized property (ECF No. 30) and on September 9, 2015, Defendant withdrew his motion for return of seized property without prejudice. *See* ECF No. 66. On July 6, 2016, Defendant pled guilty to Counts 1, 2, and 8 of the indictment (ECF No. 99) and on December 6, 2016, judgment as to those three counts was entered against Defendant. ECF No. 108. In his renewed motion, Defendant seeks return of the firearms to himself, or in the alternative, proposed designees pursuant to Fed. R. Crim. P. 41(g).

## DISCUSSION

Fed. R. Crim. P. 41(g) states as follows:

> **Motion to Return Property.** A person aggrieved by an unlawful search and seizure of property or by the deprivation of property may move for the property's return. The motion must be filed in the district where the property was seized. The court must receive evidence on any factual issue necessary to decide the motion. If it grants the motion, the court must return the property to the movant, but may impose reasonable conditions to protect access to the property and its use in later proceedings.

Fed. R. Crim. P. 41.

If the criminal proceeding is no longer pending, a motion for return of property is treated as a civil complaint governed by the Federal Rules of Civil Procedure. *United States v. Ibrahim*, 522 F.3d 1003, 1007 (9th Cir. 2008) (citing *United States v. Ritchie*, 342 F.3d 903, 906–07 (9th Cir. 2003)). The court converts the opposition to the motion for return of property into a motion for summary judgment if it cannot be decided on the pleadings, and the court determines whether the Government has demonstrated that there is no "genuine issue of material fact" and that it is "entitled to judgment as a matter of law." *Ibrahim*, 522 F.3d at 1008. If the summary judgment standard is not met, the court should go forward with additional proceedings consistent with the Federal Rules of Civil Procedure. *Id.* Rule 41(g) requires the district court to "receive evidence on any factual issue necessary to decide the motion," but it does not specifically require an in-person hearing. *United States v. Cantu*, 667 F. App'x 611, 612 (9th Cir. 2016).

A movant who asserts a post-conviction claim for return of property must first demonstrate that he is entitled to the property by a preponderance of the evidence. *Frankson v. United States*,

1  2015 WL 1517526, at *2 (D. Ariz. Mar. 31, 2015) (citing *United States v. Howell*, 425 F.3d 971,

2  974 (11th Cir. 2005)); *United States v. Houston*, 2016 WL 6106403, at *1 (E.D. Tenn. Oct. 19,

3  2016) ("[The defendant] must show by a preponderance of the evidence that the Government has

4  his property and that he is entitled to have it back.").  When the property in question is no longer

5  needed because the defendant has pleaded guilty, the person from whom the property is seized is

6  presumed to have a right to its return, and the government has the burden of demonstrating that it

7  has a legitimate reason to retain the property." *United States v. Harrell*, 530 F.3d 1051, 1057 (9th

8  Cir. 2008).  The simplest way for the government to carry its burden is to prove "the property ... is

9  contraband or subject to forfeiture." *United States v. Gladding*, 775 F.3d 1149, 1152 (9th Cir.

10  2014).

11        In cases such as this, courts sit in equity.  *Howell*, 425 F.3d at 974.  The court will

12  determine all equitable considerations in order to make a fair and just decision.  *Id.*  Further,

13  sovereign immunity bars the imposition of monetary sanctions against the government. *Ordonez v.*

14  *United States*, 680 F.3d 1135, 1140 (9th Cir. 2012).  Because Rule 41(g) does not contain an

15  express and unequivocal waiver of the government's sovereign immunity, money damages are not a

16  permitted form of relief. *Id.*

17        Defendant argues that only firearms that were named and individually identified as being

18  involved in or used in violation of federal criminal law are subject to seizure, forfeiture and

19  disposition where intent to use the firearm in the offense or willfulness is demonstrated by clear

20  and convincing evidence.  *See Defendant's Renewed Motion for Return of Seized Property* (ECF

21  No. 109), pg. 3.  Defendant seeks the return of 37 firearms that he argues are unrelated to charges in

22  the indictment to allow him or a designee to return firearms to owners and to sell firearms to pay

23  for his legal expenses.  *Id.* at pg. 4.  The Government argues that under the National Firearms Act

24  of 1934 (the "NFA"), 26 U.S.C. § 5801, 24 of the firearms are contraband due to noncompliant

25  transfers and cannot be returned.

26  . . .

27  . . .

28  . . .

The Government identifies the 24 firearms as follows:

a. Warrant #3, Items 1-6, 10-12, 14-16, 19-21, 23-29 (Att. 7, pp. A7-1 to -7, -10 to -11, -13 to -15, -18 to -19, 21 to -27.

b. Warrant #3, Items 30 and 31 (Att. 7, pp. 17-28 to -29).

*See Government's Response* (ECF No. 113), Exhibit A, pg. 4.

Of these 24 weapons, 5 weapons are also considered contraband under 18 U.S.C. § 922 as machine guns manufactured after May 19, 1986. *Id.* at pg. 17.

There are 13 firearms and items that the Government categorizes as being non-contraband. *Id.* Seven of the items are considered non-contraband NFA firearms that were possessed by the last approved transferee, the Gun Vault Inc. ("the Corporation), and are identified by the Government as Warrant #3, Items 7-9, 13, 17-18, and 22 (Ex. A, Att. 7, pp. A-8 to -9, -12, -16 to -17, and -20). Two of the items are firearms governed by the Gun Control Act of 1968 (the "GCA") and are identified as Warrant #2, Item 1 and the firearm seized from Defendant during his arrest on September 13, 2013. Four of the items are weapons parts identified as Warrant #2, Items 2-5. *Id.* The Government argues that Defendant cannot possess the non-contraband items because Defendant is a convicted felon under 18 U.S.C. §922(g). *Id.* at pg. 18. The Corporation cannot possess the items because it is no longer a federal firearms licensee and because the Corporation's business license expired on August 31, 2016. *Id.* The Government argues that the 13 non-contraband items should be either transferred to an independent licensed firearms dealer for sale or transferred to a trustee or the ATF to hold the firearms on Defendant's behalf. *Id.* at pg. 113.

Defendant argues that because the property at issue is not related to the allegations of the indictment, the Government must undergo a civil forfeiture proceeding against Defendant pursuant to 18 U.S.C. § 924. *Defendant's Reply* (ECF No. 128), pg. 6. Defendant further argues that the seized firearms are not contraband and that the Government should be estopped from treating the firearms as contraband due to its affirmative misconduct when the ATF falsely stated that Defendant was in compliance with transfer regulations. *Id.* at pgs 7-14.

. . .

. . .

4

**A.    The 24 Contraband Firearms**

The Government argues that the 24 firearms that were invalidly transferred under the NFA are contraband per se. *See Government's Response* (ECF No. 113), pg. 15. Defendant argues that the firearms are not contraband because they were not used for an unlawful purpose. *See Reply* (ECF No. 128), pgs 7-8. An object is contraband per se if its possession, without more, constitutes a crime; or in other words, if there is no legal purpose to which the object could be put. *United States v. Harrell*, 530 F.3d 1051, 1057 (9th Cir. 2008). Under the NFA, it is unlawful to transfer or possess unregistered firearms. 26 U.S.C. § 5861(b), (d),(e). "Through this statutory scheme, Congress encourages compliance by rendering as contraband any firearm transferred without prior registration," and "no transferee can 'purify' the 'tainted' weapon by registering it after transfer." *United States v. Ridlehuber*, 11 F.3d 516, 527 (5th Cir. 1993).

Defendant was involved in a partnership that operated as The Gun Vault ("the Partnership"), which ceased operations on March 2, 2000. *See Government's Response* (ECF No. 113), pg. 12. Defendant began the Corporation that applied to become a federal firearms licensee on February 9, 2000, which was approved on March 2, 2000. *Id*. Defendant, however, failed to obtain approval for the transfer of 22 items (Warrant #3, Items 1-6, 10-12, 14-16, 19-21, 23-29 (Att. 7, pp. A7-1 to -7, -10 to -11, -13 to -15, -18 to -19, 21 to -27)) from the Partnership to the Corporation as required by the NFA. *Id.* Defendant also failed to obtain approval for the transfer of 2 items (Warrant #3, Items 30 and 31 (Att. 7, pp. 17-28 to -29)) from another corporation he was involved in named Military Manufacturing Corp., which merged with another entity, The Range USA, LLC. The Military Manufacturing Corp. was the last approved transferee of these 2 items, which were in the possession of the Corporation at the time of seizure. *Id.* The Government has shown that the 24 firearms transferred to the Corporation were not in compliance with the NFA at the time of their transfer and are, therefore, contraband.

A defendant is not entitled to the return of contraband. *Santos-Pineda v. Axel*, 2011 WL 13103995, at *7 (C.D. Cal. July 26, 2011), aff'd, 621 F. App'x 407 (9th Cir. 2015) (citing *United States v. Mills*, 991 F.2d 609, 612 (9th Cir. 1993)). Defendant failed to create a genuine issue of material fact as to the 24 contraband firearms and has not shown that the Government engaged in

affirmative misconduct to apply equitable estoppel against the ATF. Furthermore, the Government has demonstrated a legitimate reason to retain the property. The Court, therefore, recommends that Defendant's motion for return of property as to the 24 contraband firearms be denied.

### B.    The 13 Non-Contraband Items

A federal court has equitable authority, even after a criminal proceeding has ended, to order a law enforcement agency to turn over property it has obtained during the case to the rightful owner or his designee. *Henderson v. United States*, 135 S. Ct. 1780, 1784, 191 L. Ed. 2d 874 (2015). 18 U.S.C. § 922(g) prevents a felon from possessing firearms himself as well as from maintaining control over those firearms through instructions about their future use. *Id.* A court may order a transfer of firearms if that disposition prevents the felon from exercising control over those weapons. *Id.* at 1786. Firearms may be turned over to a dealer independent of the felon's control for subsequent sale on the open market. *Id.* To prevent constructive possession of weapons and to ensure that they are properly sold, a court may implement appropriate safeguards, such as imposing a deadline for their sale, establishing procedures to account for sales and disbursements, and instructing the transferee that returning the items to the felon or honoring his instructions concerning them would constitute criminally aiding and abetting a convicted felon in the possession or attempted possession of firearms and ammunition. *United States v. Zaleski*, 686 F.3d 90, 94 (2d Cir. 2012).

Defendant proposes that the items be released to himself or proposed designees, his sons, Joseph Carn and Kelly Carn, Jr., to be sold and to allow the proceeds to be used to pay legal fees and restitution. *See Defendant's Motion for Return of Property* (ECF No. 109), pg. 3. The Government argues that Defendant cannot possess the non-contraband items because Defendant is a convicted felon and that Defendant would likely exert significant influence over his sons' decisions regarding the firearms if they were to be released to them. *See Government's Response* (ECF No. 113), pg. 18. Further, the Government argues that neither Joseph Carn or Kelly Carn, Jr. are federal firearm licensees and are, therefore, unable to sell the firearms on the open market. *Id.* at pgs. 18-19. Therefore, the Government requests that the Court either transfer the 13 non-contraband items to an independent dealer to sell or to transfer the firearms to a trustee to hold on

6

Defendant's behalf if he ever becomes eligible to possess them again.

The Court is not convinced that Defendant would not maintain constructive possession over the firearms by coordinating their sale with his sons as proposed designees. Defendant, however, has expressed his desire to sell the firearms and use the proceeds to pay legal fees and victim restitution. The Court, therefore, recommends that the 13 non-contraband items (identified as Warrant #3, Items 7-9, 13, 17-18, and 22 (Ex. A, Att. 7, pp. A-8 to -9, -12, -16 to -17, and -20); Warrant #2, Item 1 and the firearm seized from Defendant during his arrest on September 13, 2013;and Warrant #2, Items 2-5) be transferred to an independent licensed firearms dealer to sell on the open market as soon as practicable. The licensed firearms dealer will provide an accurate accounting to Defendant and disburse the proceeds from the sale of the non-contraband items to Defendant. Accordingly,

**IT IS HEREBY RECOMMENDED** that Defendant's Renewed Motion for Return of Seized Property (ECF No. 109) be **granted**, in part, and **denied**, in part. The Court recommends that Defendant's motion for return of property be denied as to the 24 firearms designated as contraband items. The Court further recommends that Defendant's motion for return be granted, in part, as to the remaining 13 non-contraband items and that they be transferred to an independent licensed firearms to sell on the open market with the proceeds to be disbursed to Defendant.

## NOTICE

Pursuant to Local Rule IB 3-2, any objection to this Finding and Recommendation must be in writing and filed with the Clerk of the Court within fourteen (14) days. The Supreme Court has held that the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified time. *Thomas v. Arn*, 474 U.S. 140, 142 (1985). This circuit has also held that (1) failure to file objections within the specified time and (2) failure to properly

. . .

. . .

. . .

. . .

. . .

7

address and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal factual issues from the order of the District Court.  *Martinez v. Ylst,* 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983).

DATED this 11th day of December, 2017.


_____
GEORGE FOLEY, JR.
United States Magistrate Judge

8