# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>             Plaintiff,<br><br>v.<br><br>KELLY CARN,<br><br>             Defendant. | Case No. 2:13-cr-00346-APG-GWF<br><br>**ORDER ACCEPTING MAGISTRATE JUDGE'S REPORT & RECOMMENDATION ON MOTION FOR RETURN OF PROPERTY**<br><br>(ECF Nos. 109, 143) |

      Defendant Kelly Carn filed a motion for return of seized property. ECF No. 109. Magistrate Judge Foley entered his Report & Recommendation recommending that the motion be denied. ECF No. 143. Mr. Carn filed an Objection to the Report & Recommendation (ECF No. 144) and the Government filed a Response (ECF No. 145). Pursuant to Local Rule IB 3-2(b), I have conducted a *de novo* review of the motion and related papers. Judge Foley properly analyzed the facts and law applicable to this situation. I accept his recommendation and adopt his reasoning. Below I address the new arguments Carn raised in his Objection.

      In his Objection, Carn argues that the statute Judge Foley relied upon in deeming these firearms to be contraband (28 U.S.C. § 5861) is unconstitutionally vague. Carn relies on a holding from the Southern District of Illinois that this statute allows for "completely arbitrary enforcement." *United States v. Vest*, 448 F.Supp.2d 1002 (S.D. Ill. 2006). But that court found the statute "unconstitutionally vague as applied to . . . a police officer/lead rifle instructor," not as to all citizens. *Id.* at 1014. The court relied on the fact the officer was required to use the subject firearm in his training of other officers, the fact that the weapons were registered to the police officer's employer (the Illinois State Police), and "the purpose of the Firearms Act, [which] is to go after crime weapons and not law enforcement weapons . . . ." *Id.* The Sixth Circuit later held that *Vest*, as with all "as applied" constitutional challenges, should be interpreted in light of its specific facts, i.e., as applied to a law enforcement officer who purportedly bought the weapon for work purposes.

*United States v. Theunick*, 651 F.3d 578, 585-87 (6th Cir. 2011) (distinguishing *Vest* and affirming conviction because, in part, the defendants "appear to have possessed the weapons exclusively in a personal capacity, without any legitimate law enforcement purpose"). Here, Carn possessed the weapons for commercial or personal purposes, with no connection to law enforcement use. Carn has not shown that the statute is a "broad invitation to subjective or discriminatory enforcement." *Grayned v. City of Rockford*, 408 U.S. 104, 113 (1972). "As always, enforcement requires the exercise of some degree of police judgment, but, as confined, that degree of judgment here is permissible." *Id.* at 114. I reject Carn's argument that 28 U.S.C. § 5861 is unconstitutionally vague as applied to him.

In his Objection, Carn also requests the opportunity to conduct discovery regarding the Government agents' alleged affirmative misconduct, to prove equitable estoppel against the Government. ECF No. 144 at 8. However, Carn has not shown by affidavit the specific facts he hopes to elicit from further discovery and that those facts exist. *Family Home and Fin. Ctr., Inc. v. Fed. Home Loan Mortg. Corp.*, 525 F.3d 822, 827 (9th Cir. 2008). Carn alleges generally that ATF agents reviewed his inventory over the years and did not alert him to any problems with the weapons. But Carn could not blindly rely on the ATF agents for a blessing of his misdeeds. As a federal firearms dealer, Carn was required to be familiar with, and comply with, all federal, state, and local laws. *United States v. Kish*, 424 F. Appx. 398, 399 n.2 (6th Cir. 2011). Any reliance on the ATF's failure to uncover his violations of the National Firearms Act would not be reasonable.

And Carn has had many months in which to request discovery. In his May 8, 2017 reply in support of his motion, Carn discussed the alleged affirmative misconduct of the ATF agents. ECF No. 128 at 15. Yet Carn did not request discovery until after Magistrate Judge Foley denied his motion, seven months after the reply was filed and nearly one year after the original motion was filed. The failure to diligently pursue discovery is grounds to refuse a request for additional discovery. *Nevada Dep't of Corrs. v. Greene*, 648 F.3d 1014, 1019-20 (9th Cir. 2011). Therefore, I deny Carn's request for discovery on this issue.

IT IS HEREBY ORDERED that Magistrate Judge Foley's Report & Recommendation **(ECF No. 143) is accepted**. Mr. Carn's motion for return of seized property **(ECF No. 109) is denied.**

DATED this 20th day of March, 2018.

ANDREW P. GORDON
UNITED STATES DISTRICT JUDGE