UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>KELLY D. CARN,<br><br>Defendant. | Case No. 2:13-CR-00346-KJD-EJY<br><br>**ORDER** |

Before the Court is the Motion for Writ of Attachment and Objection to Attorney Liens (the "Motion") filed by George D. Karalis (ECF No. 158). The Court is also in receipt of Defendant Kelly D. Carn's Opposition to the Motion (ECF No. 160), the Supplement to the Motion filed by Dr. Karalis (ECF No. 162), and the Motion for Joinder to Defendant's Opposition to the Karalis Motion filed by Craig K. Perry & Associates (EFC No. 163). The Motion for Joinder (ECF No. 163) is granted. The Motion for Writ of Attachment and Objection to Attorney Liens (ECF No. 158) is granted in part and denied in part. The reasons are set forth below.

**BACKGROUND**

This is not Dr. Karalis' first attempt to obtain the return or value of property seized by the United States in the underlying criminal case. At a minimum, Dr. Karalis previously filed a Lien Against Award to Defendant (ECF No 114) and a Motion for Writ of Attachment (ECF No. 120), both of which he sought to withdraw (ECF No. 141), without giving a reason, and which were withdrawn on November 15, 2017 (ECF No. 142) after the Court issued an Order and Report and Recommendation on the lien and motion (ECF No. 133 filed on August 15, 2017). Currently, in addition to stating that the attorney liens (ECF Nos. 153 and 154) are invalid, Dr. Karalis seeks a writ of attachment in the amount of $20,000 based on a settlement agreement entered into between Dr. Karalis and Carn, for the same amount, resolving a civil dispute filed in the federal court (Case

1

No. 2:12-cv-0064) by Dr. Karalis against Carn (the "Civil Dispute"). ECF 158 at 3:8-9. The Civil Dispute was dismissed by the Court on November 28, 2017. *Id*. at 158-1, page 18 of 41. To date, Dr. Karalis has not been paid any portion of the $20,000 due under the agreement with Carn.

The unexecuted settlement agreement Dr. Karalis attaches to his Motion as an exhibit states, in pertinent part, that the settlement amount is to be paid by The Gun Vault, and that:

> Karalis will become a judgment creditor of Gun Vault and will be entitled to claim as a liquidated creditor and not an undisputed creditor. In the event Gun Vault or Carn are successful in recovery of any property through a 41(g) motion in Federal Court case number 2:13-cr-346 . . ., and should that property be sold consistent with the Court Order and any amounts recovered through those sales, the same will be credited to Karalis as a judgment creditor consistent *with preference as set forth in the appropriate statutes*.

*Id*. at page 12 of 41 (emphasis added).

Dr. Karalis argues that if his writ of attachment is denied by the Court "it is certain he will never recover anything." ECF No. 158 at 3:12-13. In support of his Motion, Dr. Karalis cites NRS 200.5092 (an Elder Abuse statute), NRS 31.013 and 31.020 (pertaining to writs of attachment), Federal Rule of Civil Procedure 54 and 64, and 28 C.F.R. § 9.6. Dr. Karalis argues that the attorney's liens, filed respectively on October 9 and 16, 2018, will not be prejudiced by his writ, which should be superior to the liens, because the attorneys were aware of his settlement with Carn, were aware that there were only 13 guns to be marketed, that the fair market value of those guns would never cover the liens and his settlement,[1] he has a higher priority claim than the liens, and, in any event, the attorney liens are invalid. ECF No. 158 at 4:22-13:22.

Also attached as an exhibit to the Motion is Dr. Karalis' "Affidavit," which is signed as a declaration under "penalty of perjury." ECF No. 158-1, pp 34-40 of 41. In the Affidavit, Dr. Karalis states the amount of his claim ($20,000), the basis for his claim (a settlement agreement reached in a separate civil action for this same sum, which has not been paid), and that "it is probably impossible for Karalis to obtain satisfaction of his SETTLEMENT AGREEMENT's $20,000 award if Karalis

---

[1] On April 9, 2019, the Court entered an order authorizing the consignee in the underlying criminal case, Spartan Arms & Range Supplies LLC, to deposit with the Clerk of Court any net proceeds it receives from sales of firearms under the Consignment Agreement previously approved by the Court. ECF No. 156. Neither of the lien holder has sought distribution of any such funds pursuant to their liens.

2

fails to obtain the $20,000" through his writ. *Id*. at 158-1, p. 35. Dr. Karalis also states that the money he seeks is in an "escrow-type account maintained" by the Clerk of Court, and that the account is funded through proceeds of sales made by the consignee approved by the Court to sell 13 firearms seized by the Government. *Id*. at 36. In his Affidavit, Dr. Karalis again argues that his "claim takes priority over any attorney liens filed in the instant action." *Id*. at 37. Finally, Dr. Karalis claims that if there is not enough money to pay him the $20,000 he seeks, he will take the remainder in goods, but he clearly would prefer "cash/money, not goods." *Id*.

In opposition to Dr. Karalis' Motion, Carn argues that Dr. Karalis' citations to law and statutory authority is misplaced, and that the attorneys' liens filed were properly perfected and are superior to Dr. Karalis' claims. ECF No. 160. Mr. Van, one of Carn's former attorneys who filed a lien, points out that NRS 18.015 is the proper statutory authority for the attorneys' liens filed, the requirements of that statute were followed in this case, his lien was filed on October 16, 2018, that *Muije, Ltd v. North Las Vegas Cab Co.*, 799 P.2d 559, 561 (Nev. 1990) holds that "once a net judgment is determined, then the attorney's lien is superior to any later lien asserted against the judgment," and that Dr. Karalis fails to demonstrate that his settlement agreement with Carn is automatically a lien with a perfected interest superior to his attorney lien. ECF No. 160.

The motion filed by Craig K. Perry joins in each of the arguments filed by Mr. Van and adds that he, Mr. Perry, was not involved in the settlement agreement between Dr. Karalis and Carn, and that he also filed a Notice of Lien that was properly noticed as required by statute. ECF No. 163.

**DISCUSSION**

NRS 18.015 is titled "Lien for attorney's fees: Amount; perfection; enforcement." This statute states, in pertinent part:

> 1. An attorney at law shall have a lien:
>
>    (a) Upon any claim, demand or cause of action, including any claim for unliquidated damages, which has been placed in the attorney's hands by a client for suit or collection, or upon which a suit or other action has been instituted.
>
>    (b) In any civil action, upon any file or other property properly left in the possession of the attorney by a client.

3

2. A lien pursuant to subsection 1 is for the amount of any fee which has been agreed upon by the attorney and client. In the absence of an agreement, the lien is for a reasonable fee for the services which the attorney has rendered for the client.

   3. An attorney perfects a lien described in subsection 1 by serving notice in writing, in person or by certified mail, return receipt requested, upon his or her client and, if applicable, upon the party against whom the client has a cause of action, claiming the lien and stating the amount of the lien.

   4. A lien pursuant to:

      (a) Paragraph (a) of subsection 1 attaches to any verdict, judgment or decree entered and to any money or property which is recovered on account of the suit or other action.

The U.S. District Court for the District of Nevada has repeatedly recognized NRS 18.015 as the valid and proper method for pursuing an attorney lien under Nevada law. *See*, *for example*, *Cohen v. Gold*, 2:17–cv–00804–JAD–NJK, 2018 WL 1308945 at *1 (D. Nev. March 12, 2018). An attorney lien, however, is only enforceable when it is attached and perfected in accordance with statutory requirements. *Leventhal v. Black & LoBello*, 305 P.3d 907, 911 (Nev. 2013). According to NRS 18.015(3), an attorney perfects his/her lien "by serving notice in writing, in person or by certified mail, return receipt requested, upon his or her client and, if applicable, upon the party against whom the client has a cause of action, claiming the lien and stating the amount of the lien." *See also Schlang v. Key Airlines, Inc.*, 158 F.R.D. 666, 696 (D. Nev. 1994) ("[a]ttorney's liens in Nevada are creatures of statute. As such, the notice requirements of the statute must be met before the lien may be deemed properly perfected. To find otherwise, would effectively eliminate the specifically enumerated avenues of notice that are set forth in the statute"). "NRS 18.015(4) requires that such notice be served before any funds are received." *Golightly & Vannah, PLLC v. TJ Allen,*

*LLC*, 373 P.3d 103, 106 (Nev. 2016). The priority of a lien created under state law "depends on the time it attached to the property in question and became choate."[2] *Premier Trust, Inc. v. Duvall*, 559 F.Supp.2d 1109, 1114 (D. Nev. 2008) (citation omitted).

In addition to the statutory authority creating the right to an attorney lien, NRS 31.010 allows a judgment creditor, distinct from an attorney lien, to "apply to the court for an order directing the clerk to issue a writ of attachment and thereby cause the property of the defendant to be attached as security for the satisfaction of any judgment." NRS 31.010(1). This provision allows a judgment creditor to obtain a writ of attachment post-judgment and does not limit relief to prejudgment writs. *LFC Marketing Group, Inc. v. Loomis,* 8 P.3d 841, 902 (Nev. 2000). NRS 31.020 provides that an application for a writ of attachment must be accompanied by a plaintiff's affidavit, which details all facts showing grounds for attachment. If the plaintiff's affidavit and any additional evidence meets Chapter 31's requirements, the court will issue an order directing the defendant to show cause why the order for attachment should not be issued.

Here, the attorney liens filed with the federal court comply with the requirements of NRS 18.015. A review of ECF No. 153 and 154 show each claims a lien, clearly states the amount of the lien and was mailed, emailed, or certified mail to all parties and potentially interested parties.

Dr. Karalis filed a lien on February 17, 2017, and a writ of attachment on March 31, 2017 (ECF Nos. 114 and 120 respectively). The Court granted Dr. Karalis' request to withdraw both of these efforts to collect on amounts allegedly due him on November 15, 2017 (ECF No. 142). Attorneys Craig K. Perry and Michael Van filed their attorney liens on October 9 and 16, 2018, respectively. Dr. Karalis then filed his current request for writ of attachment on September 26, 2019. NRS 18.015 does not specifically address the issue of priority of attorney liens. However, Dr. Karalis argues that his lien is superior based upon the holding in *Muije v. A North Las Vegas Cab*

---

[2] The term "choate" typically arises when there is a dispute as to when one lien is competing with another for the right to be paid first. When the lien involves a money judgment, the claimant must have "perfected a lien under the judgment on the property involved." *Tasemkin, Inc. v. United States*, 196 F.3d 862, 865 (7th Cir. 1999), *quoting* 26 C.F.R. § 301.6323(h)1-(g). A lien created under state law is choate when "the identity of the lienor, the property subject to the lien, and the amount of the lien are established." *Pioneer Am. Ins. Co.,* 374 U.S. 84, 89 (1963) (quotation omitted). In addition, for a lien to be choate there must be a right to summarily enforce the lien. *Minnesota Department of Revenue v. United States*, 184 F.3d 725, 728 (8th Cir. 1999); *United States v. Vermont*, 377 U.S. 351, 359 (1964).

*Co.*, 799 P.2d 559 (Nev. 1990). In *Muije,* the Nevada Supreme Court held that an equitable offset took priority over a perfected attorney lien because the attorney lien attached to the net judgment—the judgment after the offset was taken. *Id.* at 561. The court, however, further held that "[o]nce a net judgment is determined, then the *attorney lien is superior to any later lien asserted against that judgment*." *Id.* (Emphasis added.)

In this case, there is no offset and, therefore, no net judgment.[3] There are only net proceeds from the approved sale of firearms, which amounts are to be deposited with the Clerk of Court. Given that Dr. Karalis' Motion for Writ of Attachment was made after the properly noticed attorney liens filed by Carn's counsel, and given that the agreement between Carn and Dr. Karalis provides only for Dr. Karalis' liquidated creditor status is "to be credited to Karalis as a judgment creditor consistent with preference as set forth in the appropriate statutes," there is no legal or factual basis for concluding that the request for a writ of attachment takes priority over the properly filed attorney liens.[4]

Dr. Karalis also contends that 28 C.F.R. § 9.6 bars the attorney liens filed in this case. However, Part 9 of Chapter 28 of the Code of Federal Regulation "[g]overn[s] … the [r]emission or [m]itigation of [a]dministrative, [c]ivil, and [c]riminal [f]orefeitures." Section 9.6 provides "Special

---

[3] As to Dr. Karalis' contention that the settlement agreement is a setoff (ECF No. 158 at 6), the plain terms of the agreement are to the contrary stating that Dr. Karalis' preference of satisfaction of the settlement amount is determined by applicable statute.

[4] Federal Rule of Civil Procedure 54, to which Dr. Karalis also refers (ECF No. 158 at 9), pertains to judgments and costs, not attorney liens allowed pursuant to the Nevada Revised Statutes. Unlike NRS 18.015, a Rule 54 motion for attorney's fees is expressly conditioned on an entry of judgment. *Kona Enters., Inc. v. Estate of Bishop*, 229 F.3d 877, 889 (9th Cir. 2000). The 14 day period to file a motion for attorney's fees pursuant to Rule 54 is inapplicable here. Further, that Dr. Karalis is older, 73, does not provide a basis in law or fact for giving his interest priority over valid attorney liens. NRS 200.5092, while addressing elder abuse, does not provide Dr. Karalis a right in this context. Likewise, Fed. R. Civ. P. 64(a) provides for remedies throughout an action that are available under the laws of the state where the action is located. Thus, Rule 64(a) requires the Court to look at Nevada law to determine the rights of Dr. Karalis, which the Court has done. Moreover, "Rule 64 governs provisional, not post-judgment remedies. Instead, Rule 69(a)(1) of the Federal Rules of Civil Procedure applies to post-judgment proceedings and directs that execution of federal judgments is governed by state law . . .." *United States v. Portillo*, Case No. CV 11-566918 WL 6975139, at *2 (C.D.CA January 16, 2018). Again, the Court has followed the laws of the State of Nevada in reaching its decisions as stated herein.

rules for specific petitioners." Dr. Karalis does not meet the definition and has not (and cannot) meet the requirements of Section 9.6(f) pertaining to judgment creditors. This code section simply does not apply to the issue presented in this case.

**ORDER**

For the foregoing reasons,

IT IS HEREBY ORDERED that Interested Party Motion for Writ of Attachment and Objection to Attorney Liens (ECF No. 158) is DENIED in part and GRANTED in part.

IT IS FURTHER ORDERED that Dr. Karalis' Motion for a Writ of Attachment is GRANTED only to the extent that Dr. Karalis has met the requirements of NRS 31.010 *et seq.* to obtain a writ against the proceeds of sale by Consignee Spartan Arms, which amounts are deposited with the Clerk of Court. The writ shall be in the amount of $20,000.00 .

IT IS FURTHER ORDERED that Dr. Karalis' Motion for Writ of Attachment and Objection to Attorney Liens is DENIED in all other respect. Dr. Karalis' Writ of Attachment does not take priority over the valid attorney liens filed.

IT IS FURTHER ORDERED that the Motion for Joinder to Defendant's Opposition to George K. Karalis' Motion for Writ of Attachment is GRANTED.

DATED: November 4, 2019

_____
ELAYNA J. YOUCHAH
UNITED STATES MAGISTRATE JUDGE